## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

**BRIDGE WF 11 MANUFACTURED HOMES,**

   *Plaintiff*,

**v.**

                                   **Case No.  SA-25-CV-01040-JKP**

**KAMBRIE CLARK,**

   *Defendant.*

## MEMORANDUM OPINION AND ORDER

Before the Court is the status of this matter.

Upon sua sponte review, the Court finds it does not have jurisdiction in this case. The Court also finds removal was improper. For this reason, the case is **DISMISSED** with prejudice and remanded to the court in which it originated.

### Factual Background.

Defendant Kambrie Clark, who is proceeding pro se, removed this case from state court based on diversity jurisdiction on August 22, 2025. On September 5, 2025, the assigned Magistrate Judge Elizabeth Chestney issued a Show Cause Order requiring Clark to show cause why this case should not be remanded to state court for lack of jurisdiction and improper removal. Clark responded to the Show Cause Order on September 19, 2025.

### Discussion

"Federal courts are courts of limited jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). "It is to be presumed that a cause lies outside this

limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

"Federal courts . . . have a continuing obligation to examine the basis for their subject matter jurisdiction" and that "[t]he issue may be raised by parties, or by the court sua sponte, at any time." *Vinson v. Colom*, 228 F.3d 409 (5th Cir. 2000) (internal citation and quotation omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Additionally, a district court must remand a case to state court if it appears at any time that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

United States district courts have subject-matter jurisdiction over two types of cases: those in which a federal question cases under 28 U.S.C. § 1331, and those in which diversity of citizenship exists under 28 U.S.C. § 1332. *See* 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction exists in "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and there is diversity of citizenship between the parties. *Id*. § 1332(a). In cased removed from state court, "[a] civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id*. at § 1441(b)(2).

Clark removed this case based upon diversity jurisdiction. ECF No. 1-2. Review of the Original Petition and Clark's Response to the Show Cause Order reveal Clark is a citizen of Texas, and no federal cause of action is asserted in this case. *See ECF Nos. 1, 6*. Because Clark is an in-state Defendant, she may not remove a case based on diversity jurisdiction. Consequently, re-

moval was not procedurally proper. Defendant asserts that this Court has removal jurisdiction over this case based on diversity jurisdiction. *See* 28 U.S.C. §§ 1441(b)(2), 1446(c).

In addition, Clark asserts generally that the amount in controversy is expected to exceed $75,000. *ECF No. 1, Notice of Removal, at p. 3*. Yet, the Original Petition attached to the Notice of Removal is entitled "Petition: Eviction Case," and Plaintiff seeks $5,450.44 from Clark for unpaid rent from August 2024 to July 2025. *ECF No. 1, Original Petition, at p. 10*. The state-court record also contains documents pertaining to a residential lease on which Clark is listed as the resident. *Id., Records, at pp. 14–16*. Clark filed a counterclaim prior to removal claiming she is the owner of the land on which the home sits and seeking judgment in the amount of $25,000. *Id., Counterclaim [#1], at p. 31*. However, this counterclaim was dismissed prior to removal, and these filings do not establish by the preponderance of the evidence that the amount in controversy in this landlord-tenant action exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2)(B).

In summary, review of Clark's Notice of Removal and Response to the Show Cause Order do not demonstrate proper removal or that this Court has subject-matter jurisdiction over this case. Because this Court finds improper removal and finds subject matter jurisdiction lacking, the Court will dismiss this case and remand it to the state court in which it originated.

## Conclusion

For the reasons stated, upon sua sponte review, the Court finds it lacks subject matter jurisdiction and that removal was improper. Consequently, the Court remands this case to the Justice Court, Precinct 4, Bexar County,TX, 41E50430937.

The Clerk of Court shall effect this remand in accordance with the usual procedure of the Court and consistent with 28 U.S.C. § 1447(c).

The Court withdraws referral of all pretrial matters to the assigned Magistrate Judge.

3

The Court directs the Clerk of Court to close this case.

It is so ORDERED.
SIGNED this 5th day of November, 2025.

_____
JASON  PULLIAM
UNITED STATES DISTRICT JUDGE